IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DURR, Plaintiff, | § § § | |
| v. | § | No. 3:26-cv-02641-E (BT) |
| GREYSTAR WORLDWIDE LLC, Defendant. | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff Reginald Durr seeks to bring this lawsuit without paying the required filing fee. *See* IFP motion. (ECF No. 4).

This Court may authorize a person to proceed *in forma pauperis* (IFP)—that is, without the prepayment of fees—when it determines the person cannot afford the fee. 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant to determine whether paying the fees would cause "undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). And the Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016).

Here, Plaintiff received $3,182.40 on average per month from employment last year, and he expects to make that same amount next month. IFP motion at 1-2. He has $23.00 in a checking account, no assets, and no dependents. *Id.* at 2-3.

He claims $1,805.00 in monthly expenses. *Id.* at 4-5. He alleges that he lacks disposable income to pay the filing fee. *Id.* at 5.

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiff undue financial hardship. Plaintiff's annual income of $38,188.80 positions his household well above the poverty guideline. *See* OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, *HHS Poverty Guidelines for 2026*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (setting $15,960 as the poverty guideline for a one-person household in Texas; last visited August 18, 2026). And Plaintiff's monthly income outpaces monthly expenses by $1,377.40, leaving ample monthly funds to pay the filing fee.

Thus, the District Judge should **DENY** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss his case without prejudice unless he pays the $405.00 filing fee within fifteen days of an order accepting this recommendation or by some other deadline the District Judge finds appropriate.

**SO RECOMMENDED**.

Signed August 27, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).